2. Do they present facts which in law amount to an acquittal? Homicide in law, excusable se defendendo, is: "If two men fight, and one of them dies, or if one attack another, and without fighting he flies, and retreating as far as he can until at length no means of escaping his assailant remain, and he then turn around and kill his assailant in order to avoid destruction, the homicide is excusable in self-defence." Fost. Crown Law, 277; Archb. Pl. & Ev. 391; 4 Bl. Comm. 183, 184; 1 Russ. Crimes, 543, 544. "No possible (or at least probable) means of escaping his assailant." The presentment is, "Wm. R. Elliott for causing the death of W. Z. Kendall by shooting him with a pistol in self defence when he was attacked by, and was retreating from the said Kendall," &c. That Wm. R. Elliott caused the death of W. Z. Kendall, by shooting him—the fact of the homicide is thus found; but they further say he shot him in self defence. This embodies the substance of the definition of a killing excusable. Self defence means to protect from an assault on his life, or to save himself from some great bodily harm, but the grand jury go on to say, "When he was attacked by, and was retreating from the said Kendall;" thereby, it seems to me, using almost the very terms of the law on the subject. If (and the grand jury so present) it was a case of self defence, after the accused was attacked, and while he was retreating from, or to avoid the deceased, it would be excusable homicide in the eye of the law. Suppose the grand jury had so found on a bill of indictment, no doubt is or can be entertained that the court would be bound on such judgment of the grand jury to discharge the defendant. The presentment is, under the practice, here equivalent. I know of no responsibility but that which I owe to God and my conscience for an upright discharge of duty. Here, however, there is none but what rests on the grand jury, who discharged their duty with conscientiousness and integrity I have neither doubt nor right to doubt. I am of opinion the accused is entitled, under the presentment made, to his discharge, and so accordingly order.

---

## Case No. 15,046.

### UNITED STATES v. ELLIS.

[1 Cranch, C. C. 125.] [1]

Circuit Court, District of Columbia. June Term, 1803.

PENALTY—STATUTE—INDICTMENT.

If a statute prescribes a particular mode of enforcing payment of a penalty, it must be pursued, and indictment will not lie.

Indictment for gaming. Verdict, guilty. Motion in arrest of judgment, that the act of assembly of Virginia, which gives the penalty, provides that it shall be recovered before a single magistrate in the same manner as small debts. It contains no prohibitory words, but says only, if any one shall play, he shall pay the penalty of twenty dollars—and does not say that the penalty may be recovered by indictment.

Mr. Mason, for the United States, cited the following authorities: Rev. Code, p. 112, §§ 24–26, which speaks of indictments for misdemeanors. Section 28. The court may order the clerk to issue summons, or other process. Section 37. Where the penalty does not exceed twenty dollars, it may be sued for by petition, as in the case of other small debts. Page 106, § 1. Grand jury in district court to present all misdemeanors. Section 2. The like in county courts. Page 107, § 5, the same as section 2. Section 6. Where the penalty in the district court does not exceed twenty dollars, the court may hear without indictment; so, in county courts where it does not exceed five dollars. By Rev. Code, pp. 183–185, § 13, the act is to be given in charge to the grand jury. Act 1797, c. 2, §§ 7, 8.

Mr. Swann, for defendant, cited the gaming act (Rev. Code, p. 185), which prescribes a specific mode of recovering the penalty, and contains no prohibitory clause. 2 Hale, P. C. 171; Stubbs, Crown Cir. Comp. 95; U. S. v. Simms (Sup. Ct. U. S., Feb. 1803) 1 Cranch [5 U. S.] 252; 2 Burrows, 803.

THE COURT arrested the judgment on the authority of Simm's Case, supra.

KILTY, Chief Judge, contra, thinking these cases differed from that.

---

## Case No. 15,047.

### UNITED STATES v. ELLIS. SAME v. PARROTT. SAME v. HENSLEY.

[4 Sawy. 590.] [1]

Circuit Court, N. D. California. June 11, 1866.

COLLECTOR OF CUSTOMS—BOND—SURETIES—NEW APPOINTMENT—PRIOR ACTS.

1. A bond given by a collector of customs for the faithful discharge of the duties of his office, under the act of congress of March 2, 1799 (1 Stat. 705), if given after he assumes office, binds the sureties for the acts of the collector prior to its date.

2. The act of congress of August 6, 1846 (9 Stat. 60), relating to the official bond of a collector of customs as a depository of the public moneys and fiscal agent of the United States, contemplates security against future responsibility and not for past transactions.

3. Where a statutory bond goes beyond the requirements of the statute, it is for the excess without obligatory force.

4. Where a collector of customs, appointed by the president during a recess of the senate, gave a bond for the faithful discharge of his duties as collector and also as a depositary of public moneys and fiscal agent of the United States, and afterward he was newly appointed to the same office by and with the advice and consent

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]